IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CT-3189-FL

| | |
|---|---|
| COREY WADE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE GEO GROUP, INC.; FEDERAL )<br>BUREAU OF PRISONS; HARLEY )<br>LAPPIN, UNITED STATES PAROLE )<br>COMMISSION; ISAAC FULWOOD; )<br>THE COURT SERVICES AND )<br>OFFENDER SUPERVISION AGENCY )<br>OF THE DISTRICT OF COLUMBIA; )<br>PAUL WELLS; JONATHAN MINER; )<br>D. FARMER; R.W. HINTON; and MR. )<br>A. BRACEY, )<br>)<br>Defendants. ) | ORDER |

The matter comes before the court on the motion to dismiss (DE # 21) pursuant to Federal Rule of Civil Procedure 12(b)(6)[1] filed by defendants A. Bracey, D. Farmer, R. W. Hinton, Jonathan Miner, and The GEO Group, Inc. (collectively "the GEO defendants"). Also before the court is the motion to dismiss, or in the alternative, for summary judgment (DE # 26) pursuant to Rule 56 filed by defendants the Federal Bureau of Prisons ("BOP"), Isaac Fulwood, Harley Lappin, the Court Services and Offender Supervision Agency of the District of Columbia, the United States Parole Commission, and Paul Wells (the "federal defendants"). Plaintiff did not respond to defendants'

---

[1] The GEO defendants do not specify which Federal Rule of Civil Procedure governs their motion to dismiss. The court construes defendants' motion as a motion to dismiss for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

motions. In this posture, the issues raised are ripe for adjudication. For the following reasons, defendants' motions are granted.

## STATEMENT OF THE CASE

On October 18, 2010, plaintiff brought this action pursuant to Bivens v. Six Unkanown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Plaintiff also alleged a state law negligence claim based upon diversity jurisdiction.[2] See 28 U.S.C. § 1332. In particular, plaintiff alleged the federal defendants violated his rights pursuant to the Due Process Clause of the Fifth Amendment to the United States Constitution by requiring him to participate in a twenty-eight (28) day program at a re-entry and sanctions center ("RSC") instead of considering him for placement in a residential reentry center ("RRC"). Plaintiff also alleges the GEO defendants negligently failed to provide him relief through the Rivers' administrative remedy procedure and failed to submit his release paperwork when he initially was eligible for placement in a RRC facility

On June 14, 2011, the GEO defendants moved to dismiss plaintiff's action, *inter alia*, because he failed to state a claim upon which relief may be granted. The federal defendants subsequently moved for summary judgment, arguing, *inter alia*, that plaintiff failed to exhaust his administrative remedies prior to filing this action. Although he was notified of defendants' motions, plaintiff did not respond. Plaintiff completed his federal term of imprisonment and was released

---

[2] Plaintiff filed this action pursuant to Bivens. Plaintiff also alleged a state law negligence claim based upon diversity jurisdiction. See 28 U.S.C. § 1332. To the extent plaintiff alleges any negligence claim against the federal defendants, actions to recover damages for negligence from federal officials and agencies must be brought pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 through § 2680. The proper party for a suit brought under the FTCA is the United States of America. 28 U.S.C. §§ 1346(b), 2674, 2679; see United States v. Smith, 499 U.S. 160, 167 n. 9 (1991). Additionally, a plaintiff bringing a FTCA action must exhaust his remedies under the FTCA. See 28 U.S.C. §§ 2401 (b), 2675(a). In this case, plaintiff does not reference the FTCA, name the proper party, or allege he exhausted his FTCA remedies prior to bringing this action. Accordingly, it does not appear that plaintiff intended to pursue an action pursuant to the FTCA against the federal defendants, and the court makes no determinations as to such a claim.

2

from incarceration on November 12, 2010. Cox[3] Aff. ¶ 3.

## DISCUSSION

A.     Standards of Review

Both a motion to dismiss and a motion for summary judgment are pending before the court. A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. ----, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 129 S.Ct. at 1949, and Twombly, 550 U.S. at 557).

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v.

---

[3] Lynnell Cox ("Cox") submitted an affidavit in support of the federal defendants motion for summary judgment. Cox is employed by the BOP as a Paralegal Specialist at the Federal Correctional Complex in Butner, North Carolina. Cox Aff. ¶ 1.

3

Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

B.  Analysis

    1.  The Federal Defendants' Motion for Summary Judgment

The federal defendants assert plaintiff's Bivens claims should be dismissed because he failed to exhaust his administrative remedies prior to filing this action. Title 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust his administrative remedies before filing an action under 42 U.S.C. § 1983 concerning his confinement. Woodford v. Ngo, 548 U.S. 81, 83-85 (2006); see Jones v. Bock, 549 U.S. 199, 217 (2007) ("failure to exhaust is an affirmative defense under [42 U.S.C. § 1997e]"); Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th Cir. 2005). The PLRA states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford, 548 U.S. at 84. Exhaustion is mandatory. Woodford, 548 U.S. at 85; Porter v. Nussle, 534 U.S. 516, 524 (2002) ("Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory."); Anderson, 407 F.3d at 677. A prisoner must exhaust his administrative remedies even if the relief requested is not available under the administrative process.

Booth v. Churner, 532 U.S. 731, 741 (2001). "[U]nexhausted claims cannot be brought in court." Jones, 549 U.S. at 211.

The BOP provides a four-step administrative remedy procedure. The first step in the process requires an inmate to present his issue to staff in an attempt at informal resolution. See 28 C.F.R. § 542.13. If informal resolution is unsuccessful, an inmate may submit a formal written Administrative Remedy Request to the Warden using a BP-9 form. See 28 C.F.R. § 542.14. If an inmate is dissatisfied with the Warden's response, he then may appeal to the BOP's Regional Director, using a BP-10 form, and then to the BOP's General Counsel, using a BP-11 form. See 28 C.F.R. § 542.15.

The evidence in the record reflects that plaintiff filed a grievance with the BOP related to his claim, but did not complete the exhaustion process until after he filed this action. Cox Aff. ¶ 4. Plaintiff does not present any evidence otherwise. Exhaustion of administrative remedies during the course of litigation is insufficient to prevent dismissal. See Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008); Hayes v. Stanley, No. 06-6475, 2006 WL 3147498, at *1 n.1 (4th Cir. Oct. 31, 2006) (per curiam). Because plaintiff filed this action prior to completing the administrative remedy procedure, he has not properly exhausted this claim. Thus, the federal defendants' motion for summary judgment is GRANTED, and plaintiff's Bivens claim is DISMISSED without prejudice.

2. The GEO Defendants' Motion to Dismiss

Plaintiff alleges a negligence[4] claim against the GEO defendants on the grounds that they

---

[4] The GEO defendants are employees of Rivers, a privately operated correctional facility. In Holly v. Scott, 434 F.3d 287, 291 (4th Cir. 2006), the Fourth Circuit held that a Bivens action may not be brought against individual employees in a privately run federal correctional facility because the actions of private prison employees are not fairly attributable to the federal government. Holly, 434 F.3d at 291. Because Rivers is a privately run correctional facility, plaintiff's constitutional claims against defendants the GEO defendants are DISMISSED.

5

failed to provide him relief through the Rivers administrative remedy procedure and because they failed to submit his release paperwork when he initially became eligible for placement in a RRC facility. In order to recover in a negligence action under North Carolina law, a plaintiff must demonstrate "an actionable duty, a breach of the duty, actual and proximate causation, and damages." Estate of Dunk, 77 F.3d 468, 1996 WL 34366, *2 (4th Cir. Jan. 30, 1996) (citations omitted).

The court begins with plaintiff's claim that the GEO defendants failed to provide him relief through the Rivers administrative remedy procedure. Federal statute and plaintiff's own allegations demonstrate that the BOP, and not the GEO Group or its employees, was responsible for referring plaintiff to either an RCC or RSC. Specifically, federal statute grants the BOP the authority to designate the location of an inmate's imprisonment. 18 U.S.C. § 3621(b).[5] Plaintiff's complaint recognizes the BOP's authority under these circumstances in that he alleges the BOP is the agency that determines whether a federal inmate will be placed in a RRC. Compl. p. 3. Further, plaintiff alleges that his placement at an RSC instead of an RCC was the result of a decision by the Court Services and Offender Supervision Agency, a federal defendant, based upon plaintiff's individual circumstances. Id. pp. 3. Specifically, plaintiff states that the Court Services and Offender

---

[5] The Bureau of Prisons shall designate the place of a prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau . . . that the Bureau determines to be appropriate and suitable, considering --:
    (1)    the resources of the facility contemplated;
    (2)    the nature and circumstance of the offense;
    (3)    the history and characteristics of the prisoner;
    (4)    any statement by the court that imposed the sentence–
          (A)    concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
          (B)    recommending a type of penal or correctional facility as appropriate; and
    (5)    any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b).

Supervision Agency referred him to a RSC, as part of a mandatory program, because of the length of his supervision obligation and substance abuse history. Id. p. 6 and Ex. C. p. 6. Because the BOP was responsible for placing plaintiff in the RSC facility and acted pursuant to a mandatory program, the GEO defendants could not have afforded plaintiff relief through the Rivers administrative remedy procedure. Thus, plaintiff fails to allege any duty or breach on behalf of the GEO defendants. Thus, plaintiff fails to state a negligence claim on this ground.

As for plaintiff's claim that the GEO defendants delayed submission of his release plan to the BOP, plaintiff's allegations again fail to state a claim. In particular, plaintiff's allegations fail to allege either a duty on behalf of the GEO defendants to submit plaintiff's release plan at an earlier date or to allege any injury from such action or inaction. Moreover, there is no requirement that a release plan be submitted during any specific time period. Rather, the applicable statute merely provides that the BOP has the discretion to transfer a prisoner to an RRC for a period not to exceed twelve (12) months. Yannucci v. Stansberry, 2009 WL 2421546, *4 (E.D. Va. July 28, 2009); 18 U.S.C. § 3624 and § 3624(b). Plaintiff's release plan was forwarded to the BOP in January 20, 2010, well in advance of his November 2010 release date. Additionally, because plaintiff alleges that his placement in an RSC was part of a mandatory program, the date his release plan was submitted to the BOP had no bearing on plaintiff's denial of RRC placement. Based upon the foregoing, plaintiff has not demonstrated any injury and has failed to state a negligence claim. Thus, the GEO defendants' motion to dismiss is GRANTED.

## CONCLUSION

For the foregoing reasons, the GEO defendants' motion to dismiss (DE # 21) is GRANTED. The federal defendants' motion for summary judgment (DE # 26) is GRANTED, and plaintiff's

claim against the federal defendants is DISMISSED without prejudice. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 8th day of February, 2012.

_____
LOUISE W. FLANAGAN
United States District Judge